IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL BAYTON, | : | CIVIL ACTION NO. **3:CV-12-2407** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | (Magistrate Judge Blewitt) |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | **FILED** |
| PENNSYLVANIA, and | : | **SCRANTON** |
| JUDGE ARTHUR ZULICK, | : | DEC 1 3 2012 |
| | : | |
| Defendants | : | PER _____ DEPUTY CLERK |

## REPORT AND RECOMMENDATION

### I. BACKGROUND.

On December 3, 2012, Plaintiff Jamal Bayton, an inmate at the Monroe County
Correctional Facility ("MCCF"), Stroudsburg, PA, filed, *pro se*, another civil rights action with
this Court under 42 U.S.C. § 1983.[1] (Doc. 1). Plaintiff appears to name two (2) Defendants
in his Complaint, namely, Commonwealth of Pennsylvania and Judge Arthur Zulick of the
Monroe County Court of Common Pleas. However, while Plaintiff includes
Commonwealth of Pennsylvania as a Defendant in the caption of his Complaint, he fails to
name this Defendant in the Parties Section of his Complaint. (Doc. 1, pp. 1 & 3).

---

[1]Plaintiff's Complaint was submitted on a "Form to be Used by a Prisoner in a Civil
Rights Complaint" and, on the face of the form Civil Rights Complaint, it indicated that the
Complaint was filed pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this case
pursuant to 28 U.S.C. §1331 and §1343(a).
This is Plaintiff Bayton's third civil rights Complaint recently filed with this Court. *See*
Civil No. 12-2024, M.D. Pa. and Civil No. 12-2156, M.D. Pa.

Regardless, for present screening purposes, we shall liberally construe Plaintiff as naming both stated Defendants. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 4).

Plaintiff attached Exhibits to his Complaint, including copies of his MCCF records regarding the September 20, 2012 prison sentence imposed on him by Defendant Judge Zulick with a projected release date of January 5, 2013, and a projected parole date of January 5, 2013. (Doc. 1, pp. 6-7). It appears that Plaintiff was convicted and sentenced in the Monroe County Court of simple assault (2 counts), perjury, false swearing and harassment. It also appears that Judge Zulick gave Plaintiff a prison sentence of 6 to 24 months in MCCF for one of his simple assault convictions. Plaintiff also included with his Exhibits copies of his Inmate Requests he submitted at MCCF regarding the minimum and maximum dates of his sentence, and regrading his request to get jail time credit for the time he served in prison from March 13, 2011 to July 5, 2012. Plaintiff claimed in his Inmate Request that he was not credited "anytime [he] served [in MCCF] for [his] current simple assault charge (6-24 months)." (Doc. 1, p. 10). Plaintiff also seemed to claim that if he properly was credited for the time he served in MCCF from March 13, 2011 to March 22, 2011, and from June 22, 2011 to June 26, 2011 as well as in the Fall of 2011, it "would push up [his] parole date." (*Id.*, p. 11). Plaintiff also submitted an Inmate Request in which he claimed that January 5, 2013 was not his correct projected parole date. (*Id.*, p. 12). Similarly, in his instant Complaint, Plaintiff alleges that he was not afforded 16 days of prior jail time credit and he requests this Court to give him that credit so that his projected parole

2

date will be December 19, 2012.  (Doc. 1, p. 4).

We will now screen Plaintiff's latest Complaint as required by the Prisoner Litigation

Reform Act.  *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v.*

*County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).

## II.    STANDARDS OF REVIEW.

### A.    *PLRA*

As stated, the Plaintiff has filed a Motion to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915. (Doc. 4).  The Prison Litigation Reform Act of 1995,[2] (the "PLRA"), obligates

the Court to engage in a screening process when a prisoner wishes to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915.  Specifically, Section 1915(e)(2), which was created

by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the
> court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted;
> or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

### B.    *42 U.S.C. § 1983*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential

elements:  (1) that the conduct complained of was committed by a person acting under

color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights,

---

[2]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *see also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown

4

through allegations of personal direction or of actual knowledge and
acquiescence.  Allegations of participation or actual knowledge
and acquiescence, however, must be made with appropriate
particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts

have also held that an allegation seeking to impose liability on a defendant based on

supervisory status, without more, will not subject the official to section 1983 liability. *See*

*Rode,* 845 F.2d at 1208.

## C.    *MOTION TO DISMISS*

In *Reisinger v. Luzerne County,* 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the

Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate
> standard applicable to a motion to dismiss in light of the United States
> Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S.
> 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).
> "[T]o survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true to 'state a claim that relief is plausible
> on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at
> 570). The Court emphasized that "only a complaint that states a
> plausible claim for relief survives a motion to dismiss." *Id.* at 1950.
> Moreover, it continued, "[d]etermining whether a complaint states a
> plausible claim for relief will ... be a context-specific task that requires
> the reviewing court to draw on its judicial experience and common
> sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521,
> 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly*
> and *Iqbal* in detail and provided a road map for district courts
> presented with a motion to dismiss for failure to state a claim in a case
> filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578
> F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual
> and legal elements of a claim should be separated. The District Court
> must accept all of the complaint's well-pleaded facts as true, but may

disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Burke v. Twp. of Cheltenham,* 742 F.Supp.2d 660, 667 (E.D. Pa. 2010).

## III.    DISCUSSION.

In his Statement of Claim section of his Complaint, Plaintiff simply alleges the

following:

> IV. Monroe County and County Judge Arthur Zulick have violated Pa. Sentencing Code 9760 by not crediting me prior imprisonment time of 16 days at my sentencing (Judgment). I was sentence[d] to 6 to 24 months in [MCCF] on September 20, 2012 and was only credit[ed] 76 days from July 5, 2012 [trial] date to Sept. 20, 2012 sentencing day. My min[imum] date should be Dec[ember] 19, 2012. The jail [MCCF] has me credit for the 16 days but it was never giv[en] to me for sentencing.

(Doc. 1, p. 4).

6

As relief in his Complaint, Plaintiff requests as follows:

> To credit me my 16 days. Originally it would have changed my parole
> date to Dec[ember] 19, 2012. However they are saying that it is Jan[uary]
> 5, 2013 which does include my prior [jail] time. All I would like is my time
> credited being this process won't be completed before Dec[ember] 19,
> 2012.

(Doc. 1, p. 4).

Plaintiff indicates that MCCF has a grievance procedure available and that he filed

grievances, including his Inmate Requests attached as Exhibits to his Complaint, regarding

his instant claim that he did not receive jail credit for 16 days but he states that he got "zero

response that would help or justifie (sic)." (Doc. 1, p. 2).[3]

Initially, we find that Defendant Commonwealth of Pennsylvania should be dismissed

with prejudice from this action. Defendant Commonwealth of Pennsylvania is entitled to

Eleventh Amendment immunity. *Keisling v. Renn*, 425 Fed.Appx. 106, 109 (3d Cir. 2011).

Plaintiff does not contend that Defendant Commonwealth of Pennsylvania has waived its

immunity or consented to his action. Further, Pennsylvania has not waived its Eleventh

---

[3]Prior to filing a civil rights action in federal court, an inmate must utilize the
grievance procedure available in the prison. The inmate must exhaust all of his available
administrative remedies with respect to each of his claims prior to filing a civil rights suit.
Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v.
Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Spruill v. Gillis*, 372 F. 3d 218, 222 (3d Cir. 2004);
*Jones v. Bock*, 549 U.S. 199, 215 (2007).
    We note that in the present case, Plaintiff's claim does not relate to the conditions of
his confinement at MCCF. Rather, Plaintiff's claim effects the length of his confinement in
MCCF and relates to the execution of his September 20, 2012 sentence imposed on him by
Defendant Judge Zulick.

Amendment immunity. *Keisling v. Renn*, 425 Fed.Appx. at 109. Thus, we will recommend

that Plaintiff's claims against Defendant Commonwealth of Pennsylvania be dismissed with

prejudice since any amendment with respect to this Defendant is futile. *Keisling v. Renn*, 425

Fed.Appx. at 109.

As mentioned, we find that Plaintiff's claims against Defendant Commonwealth of

Pennsylvania are barred under the Eleventh Amendment. We find that Plaintiff cannot

proceed with respect to his claims against Commonwealth of Pennsylvania because they are

barred under the Eleventh Amendment. *See Keisling v. Renn*, 425 Fed.Appx. at 109.

In *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009), the

Court held that:

> The Eleventh Amendment precludes private federal litigation against a
> state and its agencies. n16 *Hans v. Louisiana*, 134 U.S. 1, 15-16, 10 S.
> Ct. 504, 33 L. Ed. 842 (1890); *see also Kimel v. Fla. Bd. of Regents*, 528
> U.S. 62, 72-73, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000); *Lombardo v.
> Pennsylvania*, 540 F.3d 190, 194-95 (3d Cir. 2008). This is a
> jurisdictional bar subject to only two exceptions: (1) Congress may
> specifically abrogate a state's sovereign immunity by exercising its
> enforcement power under the Fourteenth Amendment, or (2) a state
> may waive its sovereign immunity by consenting to suit. *Coll. Sav. Bank
> v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670,
> 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999); *Koslow v. Pennsylvania*,
> 302 F.3d 161, 168 (3d Cir. 2002). It is well settled that Congress had
> no intention to abrogate the states' sovereign immunity by enacting §
> 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct.
> 2304, 105 L. Ed. 2d 45 (1989). Furthermore, Pennsylvania has
> unequivocally withheld its consent to such suits. See 42 PA. CONS.
> STAT. § 8521(b); *see also Lombardo*, 540 F.3d at 196 n.3; *Laskaris v.
> Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).

*See also Urella v. PA State Troopers Ass'n*, 2008 WL 1944069, *3 (E.D. Pa.).

Thus, we find that Plaintiff's claims against Defendant Commonwealth of Pennsylvania are barred by the Eleventh Amendment. *See Democracy Rising PA v. Celluci, supra.* Based upon the above, we find that the Court should not allow Plaintiff to amend his claims against Defendant Commonwealth of Pennsylvania because this Defendant is immune from his claims against it by the Eleventh Amendment. Thus, we find it would be futile to permit Plaintiff to file an amendment as to Defendant Commonwealth of Pennsylvania. Accordingly, we will recommend that this Court dismiss Defendant Commonwealth of Pennsylvania with prejudice.

We also find that Plaintiff's present civil rights Complaint as against Defendant Judge Zulick, in so far as he is deemed as seeking damages, is precluded by absolute judicial immunity. To the extent that Plaintiff is raising claims against Defendant Judge Zulick and he is seeking money damages, we will recommend that these claims against this Defendant be dismissed with prejudice. We find that the Eleventh Amendment of the United States Constitution protects Defendant Judge Zulick from suit in federal court because Plaintiff sues him entirely for acts taken in his judicial capacity regarding the sentence this Judge imposed on Plaintiff on September 20, 2012. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007); *Clark v. Conahan*, 737 F.Supp. 2d 239, 255-56 (M.D. Pa. 2010); *Dougherty v. Snyder*, 2011 WL 1871226, *13; *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d 672, 696 W.D. Pa. 2009). Plaintiff's suit against Defendant Judge Zulick seeks to address actions taken by him within his jurisdiction and within his official judicial capacity in his Monroe County courtroom on September 20, 2012, when the Judge

9

sentenced Plaintiff. As such, the actions of Defendant Judge Zulick are entitled to absolute

judicial immunity.

In *Clark*, 737 F.Supp. 2d at 256, the Court stated:

> For judicial immunity to apply, only two requirements must be met: 1)
> jurisdiction over the dispute, and 2) a judicial act. *Id.* at *7. As to the first, a
> judge is not immune only when he has acted in the "clear absence of all
> jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d
> 331 (1978) (citation omitted). As to the second prong, judicial immunity
> extends only to "judicial acts," not administrative, executive, or legislative
> ones. *Id.* at 360–61, 98 S.Ct. 1099.  "[T]he scope of the judge's jurisdiction
> must be construed broadly where the issue is the immunity of the judge."
> *Stump,* 435 U.S. at 356, 98 S.Ct. 1099 (citation omitted). The fact that the
> judge was incorrect about the status of jurisdiction or that there were
> procedural errors causing the judge to act without jurisdiction does not satisfy
> the requirements for defeating immunity. *Gallas v. Supreme Court of
> Pennsylvania,* 211 F.3d 760, 771 (3d Cir.2000).  In determining whether an
> act is judicial, it is appropriate to consider 'the nature of the act itself, *i.e.,*
> whether it is a function normally performed by a judge,' and 'the expectations
> of the parties, *i.e.,* whether they dealt with the judge in his official capacity.' "
> *Wallace,* 2009 WL 4051974, at *7 (quoting *Stump,* 435 U.S. at 362, 98 S.Ct.
> 1099). "Acts which are traditionally done by judges include issuing orders,
> resolving cases and controversies, making rulings, and sentencing criminal
> defendants. Other actions such as sending a fax, or hiring and firing
> subordinates, have been found to be administrative, rather than judicial, acts.
> Note, however, that even if an act is not judicial, there may be still be
> immunity if the act is legislative or executive in nature." *Id.*

We find that Defendant Judge Zulick, who presided over Plaintiff's trial and sentencing in

Plaintiff's Monroe County criminal case(s), is entitled to absolute judicial immunity with respect to

any damages claims Plaintiff may be deemed as asserting against him.

We find that Plaintiff's present claims against Defendant Judge Zulick, as detailed above,

relate to the performance of his judicial duties in handling Plaintiff 's trial and in sentencing

Plaintiff, and that any claims for damages against this Judicial Defendant  are precluded by

10

absolute judicial immunity. *See Stankowski*, 487 F. Supp. 2d 543; *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *7 (M.D. Pa.); *Rush v. Wiseman*, 2010 WL 1705299, *7; *Clark*, 737 F.Supp. 2d at 256; *Dougherty v. Snyder*, 2011 WL 1871226, *13; *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d at 696; *Brookhart v. Rohr*, 385 Fed. Appx. 67, 70 (3d Cir. 2010)("judges are absolutely immunized from a suit for money damages arising from their judicial acts.")(citations omitted).

Based upon the above, we find that the Court should not allow Plaintiff to amend his Complaint with respect to any damages claims against Defendant Judge Zulick, since we find it would be futile. *See Clark, supra.; Stankowski, supra*. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

Finally, we find that Plaintiff must raise his present claim that he is entitled to 16 days of jail credit and that his parole release date should be December 19, 2012 and not January 5, 2013, effect the length of his confinement in MCCF. As such, Plaintiff must raise his present claim seeking an earlier release from MCCF in a habeas corpus petition, pursuant to 28 U.S.C. §2254, after he exhausts his state court remedies. Plaintiff is complaining about the sentences Defendant Judge Zulcik imposed on him in his criminal cases in the Monroe County Court of Common Pleas, namely, *Com. of PA v. Jamal Bayton*, CP-45-CR-2506-2011 and *Com. of PA v.*

*Jamal Bayton*, CP-45-CR-744-2011.[4]  Plaintiff was charged with simple assault and related

offenses in both cases.


As noted, Plaintiff's claims do not relate to the conditions of his confinement at MCCF.

Plaintiff Bayton's Monroe County Criminal Dockets for his stated cases indicate that both cases

were consolidated for jury trial which commenced on July 6, 2012.  On July 9, 2012, Plaintiff was

convicted of simple assault in both cases.  On September 20, 2012, Defendant Judge Zulick of

the  Monroe County Court sentenced Plaintiff in each case, namely, *Com. of PA v. Jamal Bayton*,

CP-45-CR-2506-2011 and  *Com. of PA v. Jamal Bayton*, CP-45-CR-744-2011, to a minimum of 3

months to a maximum of 364 days in prison.  Plaintiff 's sentences were ordered to run

consecutively.   As stated, Plaintiff is currently confined in MCCF serving his consecutive

sentences.    Plaintiff Bayton's Monroe County Criminal Dockets for his stated cases do not

indicate that Plaintiff filed appeals of his  September 20, 2012 judgments of sentence.

As indicated above, Plaintiff is claiming in his Complaint (Doc. 1) that he is entitled to a

speedier release from MCCF on parole than January 5, 2013, which according to MCCF is his

present projected parole date.  Plaintiff states that he should receive 16-days prior jail credit and

---

[4]We have obtained a copy of Plaintiff Bayton's Monroe County Criminal Docket for
case number CP-45-CR-2506-2011 at http://ujsportal.pacourts.us.  We have also obtained a
copy of Plaintiff Bayton's Monroe County Criminal Docket for case number CP-45-CR-744-
2011 at http://ujsportal.pacourts.us.  We take judicial notice of Plaintiff's Monroe County
Criminal Dockets.   The Dockets indicate that Plaintiff is confined in MCCF and that he is
serving the September 20, 2012 prison sentence Defendant Judge Zulick imposed on him.
We note that in our recent R&R we issued in Plaintiff 's Civil No. 12-2024, M.D. Pa.,
case, we discussed Plaintiff 's  Monroe County Court criminal cases.

that he should be released from Monroe County Correctional Facility on parole on December 19, 2012. Thus, Plaintiff is challenging the length of his confinement in Monroe County Correctional Facility as well as the execution of his September 20, 2012 prison sentence of Defendant Judge Zulick. Plaintiff requests this Court to give him 16-days jail credit and to have his projected parole date changed to December 19, 2012. Thus, as relief in his instant Complaint, Plaintiff requests that this Court order him to be released on parole from Monroe County Correctional Facility on December 19, 2012.

As stated, Plaintiff is presently confined in Monroe County Correctional Facility and he is serving his sentences imposed in *Com. of PA v. Jamal Bayton*, CP-45-CR-2506-2011 and *Com. of PA v. Jamal Bayton*, CP-45-CR-744-2011. Plaintiff's instant request that he be released from prison on December 19, 2012, and his challenge to the projected parole date of January 5, 2013, must be pursued in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after Plaintiff exhausts his state court remedies. As we stated in Plaintiff 's Civil No. 12-2024 case, Plaintiff's Criminal Dockets in his criminal cases do not reveal that he filed an appeal of his judgments of sentence with the Pennsylvania Superior Court.

An inmate challenging the validity or execution of his state court sentence must file a habeas petition under § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005); *Leamer v. Fauver*, 288 F. 3d 532, 540 (3d Cir. 2002). As mentioned, insofar as Plaintiff is challenging his confinement with respect to his sentences in *Com. of PA v. Jamal Bayton*, CP-45-CR-2506-2011 and *Com. of PA v. Jamal Bayton*, CP-45-CR-744-2011, Plaintiff must file a §2254 habeas petition regarding these

13

cases. To the extent that an inmate is challenging the fact or length of his incarceration, as well as the legality of his present confinement, these are habeas claims. However, a state inmate who is challenging the conditions of his confinement as unconstitutional must assert these claims in a civil rights action pursuant to 42 U.S.C. §1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Leamer v. Fauver*, 288 F. 3d 532, 540 (3d Cir. 2002).

The Third Circuit in *Leamer v. Fauver*, 288 F. 3d at 542, stated:

> whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and <u>regardless of the relief sought,</u> must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate. (Emphasis added).

*See also Defoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005)("A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a).").

Thus, an inmate must be in-custody for the particular conviction the habeas seeks to dispute. *Obado v. New Jersey*, 318 F.3d 716, 717 (3d Cir. 2007). As stated, it is clear that Plaintiff is presently confined in prison based on his recent Monroe County criminal cases and it is clear that Plaintiff is presently serving his sentences in his MCCF. It is further clear that Plaintiff has not yet exhausted his state court remedies with respect to his September 20, 2012 judgments of sentence in criminal cases *Com. of PA v. Jamal Bayton*, CP-45-CR-2506-2011 and *Com. of PA v. Jamal Bayton*, CP-45-CR-744-2011. Therefore, we will recommend that Plaintiff's instant claim challenging the length of his confinement in MCCF and, his request to be released from prison on

14

parole on December 19, 2012, be dismissed without prejudice to file a §2254 habeas petition after he fully exhausts his state court remedies with respect to his September 20, 2012 judgments of sentence in criminal cases *Com. of PA v. Jamal Bayton*, CP-45-CR-2506-2011 and *Com. of PA v. Jamal Bayton*, CP-45-CR-744-2011. Plaintiff can file a petition for writ of habeas corpus under 28 U.S.C. §2254 with this federal court, after he exhausts his state court remedies in his criminal cases, insofar as he alleges that he is entitled to 16 days jail credit and to be parole from his present confinement in Monroe County Correctional Facility on December 19, 2012. *See Defoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005); *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973).

## IV. RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that Defendant Commonwealth of Pennsylvania be dismissed with prejudice from this action. To the extent that Plaintiff is raising claims against Defendant Judge Zulick and he is seeking damages, we will recommend that these claims against this Defendant be dismissed with prejudice. Also, it is recommended that insofar as Plaintiff is requesting that he be given 16 days jail credit and that he be paroled from his present confinement in Monroe County Correctional Facility on December 19, 2012, these claims be dismissed without prejudice to pursue in a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after Plaintiff exhausts his state court remedies.

Additionally, it is recommended that Plaintiff's *in forma pauperis* Motion **(Doc. 4)** be

granted solely for the purpose of filing this case.  Finally, it is recommended that the Court dismiss

Plaintiff's §1983 Complaint **(Doc. 1)** with prejudice and close this case.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 13, 2012**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL BAYTON, | : | CIVIL ACTION NO. **3:CV-12-2407** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | (Magistrate Judge Blewitt) |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, and | : | |
| JUDGE ARTHUR ZULICK, | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **December** 13**, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a de novo determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the magistrate judge, making

his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may

constitute a waiver of any appellate rights.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: December 13, 2012